ELIZA JANE WALKER, RESPONDENT, *v.* JOSEPH WALKER, APPELLANT.

*Failure of the defendant to pay alimony, as ordered by the court — power of the court to strike out his answer — order to show cause may be served on the attorney.*

APPEAL from two orders of the Special Term, one striking out the defendant's answer, and the other referring the case to a referee to take proof of the material facts alleged in the complaint, and to report the same to the court.

An order was made in this case directing the payment of a sum of money for alimony and counsel fees, and, after it was entered, it was alleged that, for the purpose of avoiding a compliance with it, the defendant removed from this State, and became a resident of the State of Massachusetts, where he continuously remained, having failed to make payment of the sums directed to be paid, and no collection of them having been accomplished even by a precept issued for that purpose.

Application was therefore made for an order to show cause that he be compelled to pay the same; or, in default, that his answer be stricken out, and the case proceed as if no answer had been put in. The order contained a provision that the service of it on the defendant's attorney should be sufficient.

The result of that proceeding was an order directing the payment of the sums mentioned, in five days after service of it upon the defendant's attorney ; or, in default thereof, that the answer be stricken out, and the case proceed as if no answer had been put in.

That order was not complied with, and the plaintiff made an application, on an order to show cause, for a reference to take proof of the material facts alleged in the complaint, and the order contained the provision that the service of it upon the defendant's attorney should be deemed sufficient. The result was an order of reference in compliance with the application made.

The court, at General Term, said : "Mr. Justice BARRETT, on granting the order directing the payment of the alimony within five days, expressed the opinion that the case was an aggravated one, and fell within the spirit, as well as the letter, of *Farnham* v. *Farnham* (9 How., 231), and very justly. That case and the present one bear striking analogies.

" The appellant's counsel questions the power of the court to make either of these orders, but his position, in that respect, cannot be maintained. There can be no doubt of the power of the court to do precisely what was done in this case, both in regard to the answer and to the reference. The following authorities establish this proposition : (*Farnham* v. *Farnham, supra ; Brinkley* v. *Brinkley*, 47 N. Y., 40; *Rice* v. *Ehele*, 55 id., 519.) The service of the papers upon the attorney, and not upon the party, was regular. (*Pitt* v. *Davison*, 37 N. Y., 235.)

*Geo. W. McAdams* and *Daniel T. Robertson*, for the appellant.
*John B. Perry*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Orders affirmed, with ten dollars costs and disbursements.